UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD L. BASKETT,<br><br>        Plaintiff,<br><br>      v.<br><br>JEAN GLEE STRICKLAND,<br><br>        Defendant. | Case No.  C05-5543FDB<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

       This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed this action naming a private therapist as the only defendant.  He applied for and received *in forma pauperis*.

       The action challenges the actions taken by the therapist in the course of court ordered treatment.

       A complaint which fails to state a claim is subject to dismissal prior to service with the dismissal counting as a strike for purposes of 28 U.S.C. 1915 (g).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a

ORDER
Page - 1

*prima facie* case under 42 U.S.C. §1983.  <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  Here, plaintiff challenges treatment provided by a therapist but fails to show the therapist is acting under color of state law.

Finally, plaintiff's termination from treatment lead to his arrest and revocation of his parole.  Thus, plaintiff calls into question the propriety of his current incarceration.  When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 2374.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 117 S.Ct. 1584, 1587 (1997)).

ORDER
Page - 2

1    Plaintiff has not shown his confinement has been "reversed, expunged, invalidated, or
2 impugned by the grant of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373
3 (1994). At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983 claim for failure to
4 state a claim.

5    The court does not believe plaintiff can cure these defects, however, plaintiff should be given
6 a chance to respond. Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action
7 should not be dismissed. Plaintiff's response to this order is due on or before November 11th, 2005.

8    The clerk is directed to send a copy of this order to plaintiff and to note the November 11th,
9 2005 due date on the court's calendar.

12   DATED this 6th day of October, 2005.

15                                  Karen L. Strombom
                                    United States Magistrate Judge

ORDER
Page - 3