UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD L. BASKETT,

        Plaintiff,

     v.

JEAN GLEE STRICKLAND *et al.*,

        Defendants.

Case No. C05-5543FDB

REPORT AND
RECOMMENDATION:

**NOTED FOR:**
**January 7th, 2005**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff is an inmate currently incarcerated at the Twin Rivers Corrections Center.  Plaintiff is proceeding *in forma pauperis*.  (Dkt. # 5).  Plaintiff filed this action to challenge the actions of a private therapist in the community and a person who owns the company that employs the therapist.  (Dkt. # 6).

FACTS

    Plaintiff alleges he was on probation and involved in court ordered therapy as part of that probation.  Plaintiff was either terminated or quit therapy and as a result, plaintiff's probation was revoked and he is currently incarcerated.  (Dkt. # 6).  Plaintiff names as defendant, Jean Glee Strickland, the therapist, and Ms. Comte, who owns the company for whom the therapist works.  Plaintiff alleges "unlawful interference" with his person and he challenges the conditions of treatment placed on him by Ms. Strickland.  (Dkt. # 6).

    On October 7th, 2005 the court entered an order to show cause as it appeared the defendants

REPORT AND RECOMMENDATION - 1

1  in this action were not acting under color of state law and plaintiff's action seemed to be a collateral

2  challenge to the legality of his current confinement.  (Dkt. # 7).  Plaintiff responded and states he is

3  currently challenging the constitutionality of the treatment component of his probation in King

4  County Superior Court.  (Dkt. # 8, page 2).  He argues this action is to redress the unconstitutional

5  treatment he was subjected to.  He claims the viewing of pornographic material violates his religious

6  rights under the First Amendment.  He also claims his termination from treatment violated equal

7  protection, due process, and amounted to cruel and unusual punishment and that he was entitled to a

8  "Christian therapist."  (Dkt. # 8).

9  DISCUSSION

10          Plaintiff's action is intertwined with the facts leading to his probation revocation to the extent

11  that proceeding with this action would call into question the propriety of the decision to revoke his

12  probation.  When a person confined by the state is challenging the very fact or duration of his

13  physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate

14  release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

15  corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme

16  Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of**

17  **action under § 1983 unless and until the conviction or sentence is reversed, expunged,**

18  **invalidated, or impugned by the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 512

19  U.S. 477, 487 (1994)(emphasis added).  The court added:

20          Under our analysis the statute of limitations poses no difficulty while the state
        challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
21      § 1983 cause of action for damages attributable to an unconstitutional conviction or
        sentence does not accrue until the conviction or sentence has been invalidated.
22
23  Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be

24  made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to

25  imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would necessarily

26  imply the invalidity of the judgment or continuing confinement, then the challenge must be brought

27  as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023,

28  REPORT AND RECOMMENDATION - 2

1  1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

2         Further, the defendants in this action are private persons who do not act under color of state

3  law. As the court explained in the Order to Show Cause:

4              In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that
           (l) the conduct complained of was committed by a person acting under color of state
5          law and that (2) the conduct deprived a person of a right, privilege, or immunity
           secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S.
6          527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327
           (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if
7          both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th
           Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Here, plaintiff challenges treatment
8          provided by a therapist but fails to show the therapist is acting under color of state
           law.
9
   (Dkt. # 7).
10
         In response to the order to show cause plaintiff states it would have been more appropriate
11
   for him to allege a conspiracy under 42 U.S.C. § 1985. (Dkt. # 8). The response misses the mark.
12
   Plaintiff is challenging the propriety of the decision to revoke his probation and this action must be
13
   filed as a habeas corpus petition. This action should be **DISMISSED WITHOUT PREJUDICE.**
14
   A proposed order accompanies this Report and Recommendation.
15
         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
16
   parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
17
   R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
18
   appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
19
   72(b), the clerk is directed to set the matter for consideration on **January 7th, 2006.**
20

21
         DATED this 8th day of December, 2005.
22

23

24                                                  Karen L. Strombom
                                                    United States Magistrate Judge
25

26

27

28  REPORT AND RECOMMENDATION - 3